POWELL
vs.
SINNOTT.

### POWELL vs. SINNOTT.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where the plaintiff has been allowed two hundred and fifty dollars, as a referee to adjust the accounts of an estate, he cannot recover of the syndic, a commission on the amount of the estate so adjusted, when there is no evidence, of any extraordinary services having been rendered by him.

This is an action, to recover of the defendant, as syndic of the estate of James Lambert, five per cent. commission, on forty-four thousand seven hundred and sixty-three dollars, as a compensation for his services, in arranging, settling and adjusting the accounts of said estate. He alleges, he was employed by the defendant, expressly to perform this service, and that he is entitled to demand the commission claimed.

The defendant pleaded a general denial ; and that the syndics had rejected this claim, as not authorised, and refused to put it on the tableau, which was homologated without any opposition from Powell. He denies that he is personally liable, and prays to be dismissed.

The evidence showed, that the plaintiff had been allowed two hundred and fifty dollars, on the tableau of distribution of Lambert's estate, by the syndics, as a referee.

The plaintiff produced in evidence, a paper, purporting to be a statement of the account and amount of Lambert's estate, signed "James Powell for syndics," by which it appeared, the estate amounted to forty-four thousand seven hundred and sixty-three dollars. On this sum he claims the commission sued for. There is no evidence of any other service being rendered. He made no opposition to the tableau filed by the syndics, on account of the claim.

There was a verdict and judgment for the defendant. The plaintiff appealed.

*Keene*, for the plaintiff and appellant.

*Hennen, contra.*

*Bullard, J.*, delivered the opinion of the court.

This suit was instituted by the plaintiff, to recover of the defendant, in his individual capacity, compensation for services, alleged to have been rendered by him, in arranging and adjusting for final settlement, complicated and intricate accounts of an estate, of which the defendant claimed to be, and was acting as syndic, which services were rendered at the request of the defendant. The defendant puts in the general denial, and further pleads, that he is not personally liable ; that he acted as syndic, jointly with T. Bickel, now deceased, and that the plaintiff presented his claim for services, to the syndics, who disallowed it, and refused to put it on the tableau, which was finally homologated, without opposition on the part of the plaintiff.

The case was submitted to a jury, in the court below, who found a verdict for the defendant, and the plaintiff appealed, without any effort to procure a new trial.

The evidence shows, that the plaintiff was allowed, on the tableau of distribution, a sum of two hundred and fifty dollars, as one of the referees, in a case in which the estate was interested, and the account made out by him, and signed "for syndics," refers to the same case. But we find no evidence in the record, of the extraordinary labor and pains, bestowed on the investigation of complicated accounts, upon which the plaintiff rests his right to recover in this case, and nothing which authorises us to disturb the verdict.

*Where the plaintiff has been allowed two hundred and fifty dollars, as a referee to adjust the accounts of an estate, he cannot recover of the syndic a commission on the amount of the estate so adjusted, when there is no evidence of any extraordinary services having been rendered by him.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.